Houston, J.
The defendants Gallagher Bassett Services, Inc. (“Gallagher Bassett”) and News Group Boston d/b/a Boston Herald (“Boston Herald") move to stay Counts III and IV of plaintiffs complaint alleging violations of G.L.c. 93A, c. 176D and c. 175, §112C. Defendants maintain that plaintiffs underlying tort claims (Counts I and II) against defendants William R. Sacco and Boston Herald be resolved before proceeding with Counts III and IV.
For the reasons stated below, defendants’ Motion to Stay Plaintiffs G.L.c. 93A/176D and G.L.c. 175, §112C Claims (Counts III and IV) is DENIED.
BACKGROUND
On October 20,1990, plain tiff Michael A. Sacco was involved in a motor vehicle accident with defendant William R. Sacco. At the time of the accident, the defendant William R. Sacco was operating a Boston Herald truck. The plaintiff thereafter brought this tort action against the defendants William R. Sacco and the Boston Herald (Counts I and II). Additionally, the plaintiff has alleged violations of G.L.c. 93A, c. 176D and c. 175, §112C against the defendants Boston Herald and Gallagher Bassett Services, Inc. for failing to make an offer of settlement for bodily injuries suffered by plaintiff and for failing to disclose coverage limits (Counts III and IV).
DISCUSSION
The question before this Court is whether plaintiffs tort and unfair settlement practice claims can be jointly resolved.
The Massachusetts Appeals Court recently considered this question in Wyler v. Bonnell, Inc., 35 Mass.App.Ct. 563 (1993). Although the question raised on appeal in ’Wyler dealt primarily with the principle of issue preclusion, the court discussed the bifurcation of common law and c. 93A claims.
In Wyler, a claim for abuse of process was tried before a jury which awarded the plaintiff $45,000. In a separate trial of the c. 93A claim, a different judge found that the defendant acted unfairly and willfully but that the damages were only $7,500. The Appeals Court concluded that the plaintiff was entitled to recover as punitive damages only the amount so found by the judge. The court further stated that “the subject matter of a c. 93A claim is sufficiently distinct so that a judge sitting independently on the c. 93A claim may arrive at findings different from those of the jury sitting on a non-93A claim, even though there is evidence which, if believed, would support the jury verdict.” Id. at 568. The court, however, was critical of the trial court’s decision to try the abuse of process and the c. 93A claims separately. “[The] bifurcation of common law claim and c. 93A claim has little to commend it.” Id. at 566. See also id. at 564 n.2 (“[t]hat is a rare circumstance and, as we shall have occasion to observe, an undesirable one”). The preferred practice according to the court, “is for a judge to try common law and c. 93A questions simultaneously.” Id. at 566. “In that setting the judge has the choice of: (1) allowing the jury to decide the 93A question as well; (2) taking from the juiy a nonbinding advisory opinion of the 93A question: or (3) deciding the 93A question independently.” Id. at 566 (cites omitted).
In the instant case, the defendant contends that resolution ofplaintiffs c. 93A/176D and c. 175, §112C claims “to promote judicial economy, alleviate the *469 strong possibility of duplicitous litigation and protect fully the rights and privileges of both William Sacco and Boston Herald in the underlying tort claim.” However, bifurcation of the tort claims and the c. 93A/176D and c. 175, §112C claims would result in two trials instead of one even though the underlying facts and witnesses are essentially the same. Id. at 566. This is contrary to judicial economy. Additionally, this would impose an unfair burden on the plaintiff by delaying resolution of this case.
Defendants also assert “prejudice” to the insured’s defense by the simultaneous pendency of both actions and by having to respond to certain discovery in the c. 93A/176D claims. This assertion is without merit. Discovery in the G.L.c. 93A and 176D claims is limited to determining whether the defendants violated their duty of fair dealing in settlement negotiations with the plaintiff. Discovery in the underlying tort claim rests on considerations of negligence. Accordingly, the obligation to negotiate in good faith is separate and apart from a determination of the merits in the case.
Furthermore, defendants’ reliance in the case of Bixby v. Allstate Ins. Co., 1986 Mass.App.Div. 118, is misplaced. The Bixby court allowed the defendant’s motion to stay the G.L.c. 93A action because plaintiff failed to show an abuse of discretion by the trial judge in having plaintiff wait for a possible recovery under his claim for unfair settlement practices. In Bixby, the court said that “there appeared to be no rule in Massachusetts as to whether a claim for unfair settlement practices must await the result of the underlying action.” Id. at 126. However, since it is now the generally accepted rule in Massachusetts that common law and c. 93A claims be tried simultaneously, a stay of Count III and IV would not be proper.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ Motion to Stay Plaintiffs G.L.c. 93A/176D and G.L.c. 175, §112C claims is DENIED.